**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

DARNELL W. GILES,

Plaintiff,

-against-

FRANK CABRA and SUFFOLK COUNTY POLICE DEPARTMENT,

Defendants.
---------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

**18-CV-3125 (AMD) (ST)**

**TISCIONE, United States Magistrate Judge:**

Pro Se Plaintiff Darnell W. Giles brought suit against Defendants Frank Cabra and the Suffolk County Police Department on May 24, 2018 in connection with the alleged sexual assault suffered by Plaintiff at the time of his arrest by Defendants at his home in Centereach, New York on March 16, 2018. Dkt. No. 1. On June 5, 2018, the Honorable Joseph F. Bianco granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 and directed the U.S. Marshals Service to serve the summons and complaint upon the Defendants. Dkt. No. 6. On February 6, 2019, the Honorable Joseph F. Bianco denied, without prejudice, Plaintiff in his Motion to Appoint Counsel and Motion for Leave to Proceed *in forma pauperis* in his application for appointment of counsel. Dkt. No. 23. On April 8, 2019, this case was reassigned to the Honorable Ann M. Donnelly and the Honorable Steven Tiscione. Plaintiff remained, at the time, incarcerated at the Riverhead County Jail and proceeding pro se.

On July 26, 2019, the Court held a telephone conference in this matter with both parties present and scheduled a subsequent telephone conference to be held on August 26, 2019. Dkt. No. 29. Additionally, the Court ordered Defendants' Counsel to arrange the call for the teleconference scheduled on August 26, 2019. *Id*. On August 23, 2019, three days before the

scheduled conference, Defendants submitted a Certificate of Service to this Court enclosing a letter notifying Plaintiff of the conference and requesting Plaintiff's phone number. Dkt. No. 30. The August 26, 2019 conference did not move forward, because Plaintiff was unable to be reached. By an Order dated September 20, 2019, the Court rescheduled the conference in this matter to be held on October 10, 2019. Defendants were again ordered to arrange for Plaintiff's participation in the call to take place on October 10, 2019. *Id*. A copy of the Court's Order was mailed to Plaintiff at the address listed on the docket. Dkt. No. 31.

By an Order dated September 23, 2019, the Court ordered Defendants to submit a status report by October 7, 2019 to update the Court on their efforts to locate Plaintiff. On October 9, 2019, Defendants reported that Plaintiff had been released from incarceration from Suffolk County Jail on September 20, 2019. Dkt. No. 32. Defendants obtained another address associated with Plaintiff from the Suffolk County Jail: 154 Gordon Avenue, West Babylon, NY 11704. *Id*. The Status Report further details that the certified letter notifying Plaintiff of the conference call scheduled for October 10, 2019, was sent to both the West Babylon address and the Mastic Beach address that had been previously provided to the Court by the Plaintiff. *Id*., *See* Dkt. No. 25. Although Defendants received a signed receipt of the certified letter from the Mastic Beach address, Plaintiff had thus far not responded to the correspondence nor provided a phone number where he may be reached. *Id*. Hence, the conference call scheduled for October 10, 2019 could not be held.

By an Order dated October 29, 2019, the Court directed Defendants to submit a follow up status report by November 15, 2019 updating the Court on their continued efforts to locate Plaintiff, and informed parties that a conference would be scheduled by the Court once Plaintiff's location and contact information is obtained. On November 15, 2019, Defendants submitted a

status letter indicating there had still been no contact nor response by Plaintiff. Dkt. No. 33. Defendants requested the Court issue an order warning Plaintiff that continued failure to provide updated contact information may lead to a dismissal of his case, pursuant to Fed. R. Civ. P. 41. *Id*. Accordingly, by an Order dated November 16, 2019, the Court ordered Plaintiff to fulfill his duty to provide accurate information of his whereabouts, and further warned that Plaintiff's failure to comply would warrant dismissal of this case. Dkt. No. 34. Said Order was sent to Plaintiff by Defendants via certified mail to the address provided by Plaintiff. Dkt. No. 35. Plaintiff has not responded to the Order or otherwise attempted to contact Defense Counsel or the Court. For the reasons discussed below, I respectfully recommend that this case be dismissed for failure to prosecute.

## I. DISCUSSION

It is axiomatic that a district court possesses the inherent power to manage its own affairs to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-01 (1962)). As part of this authority, the Federal Rules of Civil Procedure provide that if a plaintiff "fails to prosecute or to comply with these rules or a court order," a defendant may move to dismiss the action and the Court in its discretion may grant such a dismissal. Fed. R. Civ. P. 41(b); *see Link*, 370 U.S. at 633; *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995).

Dismissal for failure to prosecute is unquestionably a "harsh remedy" that should be limited to "extreme situations." *Lewis*, 564 F.3d at 576 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). Therefore, a court considering dismissal under Rule 41(b) should consider the following five factors enumerated by the Second Circuit:

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3)

> defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 575 F.3d 248, 254 (2d Cir. 2004)). "[N]o one factor is dispositive," and in weighing these factors, the court should consider the record of the entire case as a whole. *Id.* (quoting *Norden Sys.*, 375 F.3d at 254). Here, each of the five factors favors dismissal of this action.

First, the duration of the delay in this case has been significant and has been due to Plaintiff alone. Plaintiff has failed to update his contact information since April 17, 2019, has not responded to Defendant's letters or the Court's November 16, 2019 Order, and in fact has made no attempt to contact Defense Counsel or the Court at all in more than five months. Indeed, the last action undertaken by Plaintiff in this action was on July 26, 2019, at which time he participated in a telephone conference regarding production of discovery materials and was made aware that another telephone conference would be held on August 26, 2019. Despite being notified of the upcoming court scheduled conference, Plaintiff failed to provide the Court with his contact information.

The delays in this case are thus entirely attributable to Plaintiff's side. *See Norden Sys.*, 375 F.3d at 255 ("The question we must ask with respect to duration is simply whether or not the delay was caused by plaintiff's side as a whole."). Defendants' counsel made repeated efforts to contact Plaintiff, all of which have been unsuccessful. Courts in this circuit have repeatedly emphasized that "it is plaintiff's responsibility to keep the Court informed of his current address, and a failure to do so may justify dismissal for failure to prosecute." *Sims v. Fernandez*, 2004 U.S. Dist. LEXIS 6108, at *4 (S.D.N.Y. Mar. 16, 2004); *see also Kuar v. Mawn*, 2012 U.S. Dist. LEXIS 125270, at *11 (E.D.N.Y. Sept. 4, 2012). Ultimately, Plaintiff's failure to maintain a

valid address or other contact information on the docket and failure to make even a single attempt to reach out to the Court or counsel at any time during the last five months has made prosecuting this case impossible. During this time, multiple Court conferences had to be rescheduled due to Plaintiff's lack of response and appearance, preventing the case from moving forward in any way.

Furthermore, although there is no fixed period of time during which a plaintiff's failure to prosecute becomes significant enough to warrant dismissal, delays of several months have been found to suffice. *E.g.*, *Caussade v. United States*, 293 F.R.D. 625, 629-30 (S.D.N.Y. 2013) (citing cases dismissing after delays as short as three months). Courts have found that dismissal is appropriate for delays shorter than several months when the plaintiff has become completely inaccessible, because inaccessibility strongly suggests that the plaintiff is not diligently pursuing his claim. *Garcia v. City of New York*, 2016 WL 1275621, at *3 (E.D.N.Y. Mar. 31, 2016) (internal quotation marks and citations omitted); *see, e.g.*, *Christian v. Sposato*, 2016 WL 3647869, at *2 (E.D.N.Y. July 1, 2016) ("Dismissal is appropriate after plaintiff has become completely inaccessible[.]"). This factor weighs in favor of dismissal in the instant case, where Plaintiff has been completely inaccessible for over five months.

Second, though "not an absolute requirement," Plaintiff was given ample notice that further delay would result in dismissal. *See Caussade*, 293 F.R.D. at 630 (citing *Link*, 370 U.S. at 633 ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so[.]")). The Court explicitly warned Plaintiff on November 15, 2019 that his failure to respond to Defendants would result in the Court recommending dismissal of his action for failure to prosecute. *See* Dkt. No. 34. "In any event, given that the Court and counsel have no way to contact [Plaintiff], any further attempt to warn [him] would be futile."

*Caussade*, 293 F.R.D. at 630 (citations omitted). Moreover, Plaintiff's inability to receive notice of the proceedings is of his own doing, because he has utterly failed to remain accessible to opposing counsel or the Court. *See id.* The second factor also favors dismissal for failure to prosecute.

Third, Defendants will be prejudiced by further delays. Typically, a court examining this factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or there is a need to prove actual prejudice was suffered. *See id.* ("A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable. . . . However, in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.") (internal quotation marks and citations omitted). When, like in this case, the plaintiff "has become inaccessible for months at a time, courts presume prejudice." *Id.* at 630-31 (citations omitted); *see Maldonado v. Menacola Mktg., Inc.*, 2013 WL 5206396, at *2 (E.D.N.Y. Sept. 12, 2013) (presumption of prejudice after plaintiff unreachable for four months). This factor also weighs in favor of dismissal of the instant action.

Fourth, dismissing this case would aid in the Court's efforts to ease docket congestion. Of course, the Court "must not let its zeal for a tidy calendar overcome its duty to do justice." *Outley v. City of New York*, 837 F.2d 587, 589 (2d Cir. 1988) (internal quotation marks and citations omitted). However, in a case like this one, where Plaintiff is unreachable, the Court should not hesitate to find that the need to alleviate docket congestion outweighs Plaintiff's right to be heard: Plaintiff "has shown little interest in prosecuting this case," as he has not been in contact with opposing counsel or the Court since July 2019. *See Caussade*, 293 F.R.D. at 631. Therefore, this Court can only conclude that "[i]t is not an efficient use of the Court's or [D]efendants' resources to permit this case to languish on the docket in the hope that [P]laintiff

will reappear in the future." *Davison v. Grillo*, 2006 WL 2228999, at *2 (E.D.N.Y. June 27, 2006) (*quoted in Caussade*, 293 F.R.D. at 631), *adopted by*, 2006 WL 2228999 (E.D.N.Y. Aug. 3, 2006). Here, consideration of this factor also weighs in favor of dismissal of the instant action.

Finally, the fact that Plaintiff is unreachable means that there is no lesser sanction that would be adequate. "Here, it would not even be possible to impose lesser sanctions in a manner that [Plaintiff] would be aware of them inasmuch as [he] has been inaccessible for the past several months. Courts consistently find that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted because the plaintiff would be unaware of any lesser sanction that could be imposed." *Caussade*, 293 F.R.D. at 631 (citations omitted); *see Crenshaw v. McNamara*, 2016 WL 2347485, at *6 (W.D.N.Y. May 4, 2016) ("[B]ecause Plaintiff's whereabouts are unknown because of his failure to communicate with the Court (or, apparently, Defendants), no less drastic sanction would prove effective."). This factor, too, weighs in favor of dismissal for failure to prosecute.

## II. CONCLUSION

All five of the factors weigh in favor of dismissal for failure to prosecute. Accordingly, I recommend that the instant action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Garcia*, 2016 WL 1275621, at *4 (dismissing with prejudice); *Caussade*, 293 F.R.D. at 631-32 (same).

## III. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Defendants' Counsel is directed to serve a copy of this Report and Recommendation upon Plaintiff at both of his last known addresses via return receipt delivery and to file proof of service with the Court within ten (10) days of the filing of this Report and Recommendation.

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
January 24, 2020